**DEORCHIS & PARTNERS, LLP**
2355 Main Street, Box 186
South Chatham, MA 02659
508-432-2121

Attorneys for Plaintiff

RECEIPT # 62938
AMOUNT $ 250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3-22-05

FILED
IN CLERK'S OFFICE

2005 MAR 15 P 4:05

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------X
ROLAND HEMMINGER,
              Plaintiff

    v.

NMT MEDICAL INC.,
              Defendant
------------------------------------------------------X

**RECEIVED**
Clerk's Office
USDC, Mass.
Date 3-22-05
By [signature]
Deputy Clerk

COMPLAINT

**05-10541 RGS**

MAGISTRATE JUDGE Van Mag

Plaintiff ROLAND HEMMINGER complaining of the defendant NMT MEDICAL INC., by his attorneys, DeOrchis & Partners, LLP, as and for his complaint herein, alleges:

## COMMON ALLEGATIONS

1.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 (2) because this action is between a citizens of the State of Massachusetts and a foreign party and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.  Venue properly lies in this District because Defendant resides in this District.

3.  Plaintiff, an individual, is a citizen of the Republic of Germany and resides at Hohenackerstr. 21, D-73733, Esslingen, Germany.

4.  Upon information and belief, and at all of the times hereinafter mentioned, the defendant was and still is a domestic corporation duly organized and existing under and by

virtue of the laws of the State of Massachusetts, with a place of business at 27 Wormwood Street, Boston, Massachusetts 02210.

1. Upon information and belief, and at all of the times hereinafter mentioned, this defendant was the owner of the extractor.

2. Upon information and belief, and at all of the times hereinafter mentioned, this defendant had reserved to itself the right to maintain the extractor.

3. Upon information and belief, and at all of the times hereinafter mentioned, this defendant employed at the premises an individual who, during the designated business hours, acted as an attendant.

4. At all of the times hereinafter mentioned, this defendant provided to those of its customers that wished to avail themselves of this service, a laundering service by which they could have their laundry washed and/or dried.

5. At all of the times hereinafter mentioned, this defendant had extended an invitation to the public at large to enter on and upon its premises for the purpose of using the coin operated machines so as to effect a washing and/or drying of their laundry.

6. Upon information and belief, at all of the times herein mentioned, the defendant _____ Company was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of _____.

7. Upon information and belief, at all of the times herein mentioned, the defendant _____ Company was the manufacturer of the extractor specified in paragraph designated at "5".

13. Upon information and belief, prior to the occurrence of the accident hereinafter set forth, the defendant _____ Company had caused the extractor to be sold through one or more distributors to those portions of the public as had occasion to avail themselves of that machinery.

14. Upon information and belief, prior to the occurrence of the accident herein, the defendant _____, Inc. had entered into a contract and/or agreement with the defendant _____ d/b/a _____ Service, wherein among other things, defendant _____ Service was required to make such inspection and/or or to make such repairs and/or to do the maintenance with respect to the extractor as was required in the particular situation.

15. Upon information and belief, at all of the times hereinafter mentioned, that contract and/or agreement was in full force and effect.

16. At all of the times hereinafter mentioned, the infant plaintiff was lawfully and properly in and about the premises of the defendant _____, Inc. in response to the defendant's invitation to the public at large, described above.

17. On or about the _____ day of _____, 20___, while the infant plaintiff was lawfully at and about the extractor, suddenly and without any notice or warning to him, the extractor was caused to be activated and operative, in consequence of which parts and appurtenances thereof came in forceful and violent contact with this infant plaintiff's right upper extremity, in consequence of which the infant plaintiff suffered severe and serious injuries, including an amputation of part of the right upper extremity.

18. That occurrence and the injuries resulting therefrom to this infant plaintiff were caused by reason of the negligence and carelessness of these defendants, in that they caused, allowed, and permitted the extractor to be offered for use to, and to be used by, those members

and upon information and belief, will in the future be required to submit to other and further such attention for the same purpose.

21. By reason of the foregoing, the infant plaintiff was unable to pursue his usual duties, pursuits, activities, and avocations with the same force and efficiency as prior to the accident and, upon information and belief, will be hampered and restricted in an effort to do those activities in the future.

22. By reason of the foregoing, the infant plaintiff has been damaged in an amount to be determined upon the trial of this action.

### FOR A SECOND CAUSE OF ACTION BROUGHT JOINTLY ON BEHALF OF THE PLAINTIFF

23. These plaintiffs, acting jointly, repeat, reiterate, and reallege each and every allegation contained in the First Cause of Action and designated therein as and by paragraphs numbered 1 through 21 inclusive, with the same force and effect as though fully set forth and at length herein.

24. Prior to the _____ day of _____, 20___, these plaintiffs were respectively the father and mother of the above named infant, as they still are; and at all of the times hereinafter mentioned, _____, Sr. provided for, maintained, and supported the infant as father; and at all of the times herein mentioned, the plaintiff _____ provided society, services and companionship to and on behalf of the infant plaintiff as mother.

25. By reason of the foregoing, plaintiff _____, Sr. was compelled to and did necessarily incur expenses and obligations as and for medical, surgical, and hospital aid, care, and attention in an effort on his part to heal and cure his son, the infant plaintiff

_____, Jr. of the injuries sustained by the infant; and upon information and belief, both he and the coplaintiff, _____, will in the future be compelled to incur other and further expenses and obligations by reason of the foregoing.

26. By reason of the foregoing, these plaintiffs were deprived of the society and companionship of the infant plaintiff, their son, and upon information and belief, they will in the future continue to be so deprived.

27. By reason of the foregoing, these plaintiffs, _____, Sr. and _____ have been damaged in an amount to be determined upon the trial of this action.

### FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF

28. Infant plaintiff repeats, reiterates, and realleges each and every allegation contained in the First Cause of Action and designated therein as and by paragraphs numbered 1 through 21 inclusive, with the same force and effect as though fully set forth and at length herein.

29. Upon information and belief, _____, Inc. and _____ Company and each of them knew that the aforesaid extractor would be used by others and by members of the general public for the purposes stated above, without inspection for defects, and by placing it upon the market and by offering it for use by others and by members of the public they did each represent and warrant that the extractor would safely do the job for which it was intended and that the extractor was merchantable and reasonably fit for the ordinary purpose for which the extractor was intended.

30. Contrary to those representations and warranties, the extractor designed, manufactured, sold, and distributed by and/or on behalf of _____ Company and offered for use to the public by both _____ Company and _____, Inc. was in

fact defective, unsafe, unmerchantable and was otherwise unfit for its intended and ordinary purposes by reason of the defects stated above.

31. The infant plaintiff was unaware of the defects of the extractor which made it defective, unsafe, unmerchantable, and otherwise unfit for its intended and ordinary purposes.

32. On _____, 20___, while the infant plaintiff was lawfully and properly at and about the extractor, and while using it, suddenly and without any notice or waning to him, the extractor was caused to be activated and operative, in consequence of which, parts and appurtenances thereof came in forceful and violent contact with this infant plaintiff's right upper extremity, in consequence of which the infant plaintiff suffered severe and serious injuries, including an amputation of part of the right upper extremity.

33. Those injuries were caused to be sustained as a direct result of the defects of the extractor.

34. Notice of the above was given to _____, Inc. and to _____ Company as soon as practicable after the breach of representations and warranties.

35. As a result of the foregoing, the infant plaintiff _____, Jr., has been damaged in an amount to be determined upon the trial of this action.

```
         FOR A FOURTH CAUSE OF ACTION BROUGHT JOINTLY ON
         BEHALF OF THE PLAINTIFFS _____, SR. AND _____
         AGAINST THE DEFENDANTS _____, INC. AND
         _____ COMPANY
```

36. These plaintiffs, acting jointly, repeat, reiterate, and reallege each and every allegation contained in the Third Cause of Action and designated therein as and by paragraphs numbered 28 through 34 inclusive, with the same force and effect as though fully set forth and at length herein.

37. Prior to the _____ day of _____, 20___, these plaintiffs were respectively the father and mother of the infant, as they still are; and at all of the times hereinafter mentioned, _____, Sr. provided for, maintained, and supported the infant as father; and at all of the times herein mentioned, the plaintiff _____ provided society, services, and companionship to and on behalf of the infant plaintiff as mother.

38. By reason of the above, the plaintiff _____, Sr. was compelled to and did necessarily incur expenses and obligations as an for medical, surgical, and hospital aid, care, and attention in an effort on his part to heal and cure his son, the infant plaintiff _____, Jr., of the injuries sustained by the infant; and upon information and belief, both he and coplaintiff, _____, will in the future be compelled to incur other and further expenses and obligations by reason of the foregoing.

39. By reason of the foregoing, these plaintiffs were deprived of the society and companionship of the infant plaintiff, their son, and upon information and belief, they will in the future continue to be so deprived.

40. That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE INFANT
PLAINTIFF _____, JR., AGAINST THE DEFENDANT _____
COMPANY

41. The infant plaintiff repeats, reiterates, and realleges each and every allegation contained in the First Cause of Action and designated therein as and by paragraphs numbered "1" through "22" inclusive, with the same force and effect as though fully set forth and at length herein.

42. Upon information and belief, prior to the _____ day of _____,

20____, _____ Company had caused, engaged in, and/or brought about the design, construction, assembly, and manufacture of a certain device known and designated as an extractor (hereafter referred to as "the product").

43. Upon information and belief, the product was thereafter caused to be shipped by _____ Company from the place of its manufacture and caused it to be delivered to a place or point within the State of New York.

44. Upon information and belief, _____ Company, in producing and manufacturing the product and/or in causing it to be shipped and delivered to a point or place within the State of New York, anticipated and/or contemplated its eventual sale, among other possibilities, to an establishment in the nature of a publicly used, coin operated, Laundromat.

45. The product was by its design and/or construction and/or manufacture and/or assembly inherently defective.

46. The product was thus defective while it was in the possession and/or control of _____ Company.

47. _____ Company in producing the product was bound to anticipate and was charged with the knowledge that it would be presented to the general public for its use; and that the product was by its nature a device inherently dangerous to its user.

48. At the time and place set forth above, the infant plaintiff used the product for the purpose and in the manner normally intended.

49. At the time and place of its use by the infant plaintiff, as set forth above, the product did not perform in the manner as it was intended to by reason of and in consequence of the existence and/or coming into play of the defect, but on the contrary, in a manner as to cause injury and damage to the infant plaintiff.

50. The infant plaintiff would not by the exercise of reasonable care have both discovered the defect and perceived its danger.

51. By the exercise of reasonable care the infant plaintiff would not otherwise have averted his injury and damage.

52. By reason of the occurrence to the infant plaintiff, as set forth above, _____ Company is liable to the infant plaintiff who was caused to sustain severe, serious, and permanent injuries and damages by reason of the defect in the product; and which defect was the sole and/or substantial cause and/or factor in bringing about the injuries and damatge.

53. Such liability exists by reason of the doctrine of strict liability in tort, binding upon _____ Company.

54. That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

55. [If the action is brought in supreme court, add the following allegation:] The amount of damages sought in this action exceeds [or does not exceed] the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs demand judgment against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.


Dated: South Chatham, Massachusetts
March 15, 2005

Yours,

By: _____
Cary R. Wiener (650354)
DeOrchis & Partners, LLP
Attorneys for ROLAND HEMMINGER
2355 Main Street, Box 186
South Chatham, MA 02659
Our File:

W:\No-Og\Complaint 031505.Fdp.Doc 3/15/05-npo

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Mr. Roland Hemminger

**DEFENDANTS**
NMT Medical Inc.

(b) County of Residence of First Listed Plaintiff _Bremen (Germany)_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _Boston, Massachusetts_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
Clerk's Office
USDC, Mass.
Date 3-22-05
By: _____ Deputy Clerk

FILED
IN CLERK'S OFFICE
2005 MAR 15 [?]
U.S. DISTRICT COURT
DISTRICT OF MASS.

05 - 10541 - RGS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cary R. Wiener, DeOrchis & Partners, 2355 Main St., P.O. Box 186
South Chatham, MA 02659

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ■ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ■ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ■ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332 (B)

Brief description of cause:
Defective medical device caused injuries to plaintiff.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 3/15/05

SIGNATURE OF ATTORNEY OF RECORD _[signature]_   BBO # 559847

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Roland Hemminger v. NMT Medical Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☑   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐   IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.   150, 152, 153.

    **05 - 10541 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐   NO ☑

    A. If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☑    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Cary R. Wiener__
ADDRESS __DeOrchis & Partners, 2355 Main St., P.O. Box 186, South Chatham, MA 02659__
TELEPHONE NO. __(508) 432-2121__

(CategoryForm.wpd - 2/16/05)