**DeORCHIS & PARTNERS, LLP**
2355 Main Street, Box 186
South Chatham, MA 02659
508-432-2121

Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------X
ROLAND HEMMINGER, CHRISTINE
HEMMINGER, and CHRISTINE HEMMINGER
as *guardian at litem* for ANNIKA HEMMINGER,
TOBIAS HEMMINGER and STEFFEN
HEMMINGER,
                Plaintiffs

    v.

NMT MEDICAL INC.,
                Defendant
------------------------------------------------------------X

**AMENDED COMPLAINT**
05 CV 10541RGS

Plaintiffs, by their attorneys, DeOrchis & Partners, LLP, respectfully allege, upon information and belief as follows:

## COMMON ALLEGATIONS

1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this action is between a corporation based in the State of Massachusetts and a foreign party and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    Venue properly lies in this District because Defendant resides in this District.

3.    Plaintiff, an individual, is a citizen of the Republic of Germany and resides at Hohenackerstr. 21, D-73733, Esslingen, Germany.

4. Upon information and belief, and at all of the times hereinafter mentioned, the defendant was and still is a Delaware corporation with its principal place of business in the State of Massachusetts, located at 27 Wormwood Street, Boston, Massachusetts 02210.

## FIRST CAUSE OF ACTION BASED ON STRICT PRODUCTS LIABILITY

5. Plaintiff, ROLAND HEMMINGER lawfully married to plaintiff, CHRISTINE HEMMINGER, and their infant children ANNIKA HEMMINGER, TOBIAS HEMMINGER and STEFFEN HEMMINGER, all currently and at all relevant times, reside at Hohenackerstr. 21, D-73733, Esslingen, Germany.

6. At all relevant times defendant NMT Medical Inc., is a Delaware corporation with its principal place of business at 27 Wormwood Street, Boston, Massachusetts 02210.

7. At all relevant times, defendant NMT Medical Inc. designed, manufactured, assembled, tested, shipped, transported, sold and maintained cardiac implant devices, including a product known as the STARflex, which is a septal repair device ("STARflex").

8. In March 2002, plaintiff, ROLAND HEMMINGER underwent heart surgery performed at the Olgahospital in Stuttgart, Germany. During the operation, the STARflex was inserted in his body. Thereafter, plaintiff ROLAND HEMMINGER suffered complications arising from the interventional closure of the defective STARflex, in the course of which the plaintiff suffered a cardiac arrest.

9. In March 2002, STARflex was properly used and properly installed at the Hospital for Vascular Surgery in the Olgahospital in Stuttgart, Germany.

10. In March 2002, STARflex, including its warnings and instructions, was

2

defective and unreasonably dangerous and unsafe by reason of its defective design, manufacture, assembly, inspection, testing, warnings, and instructions, sale, service, repair and maintenance by the defendant. Said defects in the STARflex caused injury to this plaintiff during and after the surgery and this plaintiff suffered serious and permanent injuries, such as right cerebral stroke, significant lymphatic oedema after iatrogenic femoral vein injury, heart-rhythm irregularities, post-traumatic stress disorder, acute exhaustion, latent hemiparesis causing spells of dizziness, right cerebral prolonged reversible ischemic neurological deficit ("PRIND"), with paradoxical embolism for which he has sought physical therapy and emotional therapy, as well as other physical, mental, and emotional injuries. Plaintiff has also suffered and continues to suffer the loss of quality of life, post-traumatic stress and psychological and emotional distress, which will require continued treatment; and he will continue to incur future medical expenses therefore and has been prevented from working and has sustained economic losses therefrom.

11. As a result of the foregoing, plaintiff ROLAND HEMMINGER demands judgment against the defendant NMT Medical Inc. that sum in excess of $75,000.

## SECOND CAUSE OF ACTION FOR BREACH OF WARRANTY

12. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "11" as if fully set forth herein.

13. Prior to March 2002, defendant NMT Medical Inc. expressly and /or impliedly warranted and represented that STARflex and its component parts and systems, and its instructions and warnings were safe, of merchantable quality and fit for sale for the purposes of which it was designed manufactured assembled, inspected, tested distributed, sold,

3

serviced, maintained, intended, and used, as defendant warranted that the subject cardiac implant and its component parts and systems were free from all defects.

14. Defendant NMT Medical Inc. breached said warranties in that STARflex was not safe to operate, or merchantable quality, or fit and safe for the purposes for which it was designed, manufactured, assembled, inspected, tested distributed, sold, serviced, maintained, intended and used, and further was not free from all defects.

15. The aforesaid structural, mechanical, and other defects as well as defendant's failure to instruct and warn users, caused and contributed to the injuries to the plaintiff, ROLAND HEMMINGER.

16. As a result of the foregoing, plaintiff ROLAND HEMMINGER demands judgment against the defendant NMT Medical Inc. that sum in excess of $75,000.


### THIRD CAUSE OF ACTION FOR NEGLIGENCE

17. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "16" as if fully set forth herein.

18. The structural, mechanical and other defects, as well as defendants failure to instruct and warn users, which caused and contributed to the injuries to plaintiff were caused by the negligence, carelessness and failure to use reasonable care of defendant NMT Medical Inc. including its officers, agents, employees and servants in that defendant carelessly designed manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained STARflex, and its component parts, and defendant failed to instruct and warn of such dangers at the time STARflex was sold in the stream of commerce in March 2002 or any time prior to and/or after March 2002.

19. As a result of the foregoing, plaintiff ROLAND HEMMINGER demands judgment against the defendant NMT Medical Inc. for compensatory damages that sum in excess of $75,000.

**FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM AND SUPPORT**

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs numbered "1" through "19" inclusive, as if fully set forth herein.

21. Plaintiff CHRISTINE HEMMINGER is the wife of plaintiff, ROLAND HEMMINGER.

22. As a result of the bodily, mental and emotional injuries suffered by her husband, plaintiff, CHRISTINE HEMMINGER, has been deprived of the services, society, advice, counsel, companionship, consortium and support of her husband, ROLAND HEMMINGER and has incurred expenses for his medical care and other expenses.

23. By reason of the foregoing, plaintiffs, ROLAND HEMMINGER, CHRISTINE HEMMINGER, and CHRISTINE HEMMINGER as *guardian ad litem* of infant plaintiffs ANNIKA HEMMINGER, TOBIAS HEMMINGER and STEFFEN HEMMINGER have been damaged in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiffs demand judgment against Defendant in the sum in excess of $75,000, together with the costs and disbursements of this action.

Dated: South Chatham, Massachusetts

Dated: South Chatham, Massachusetts
       March 24, 2005

                              DeOrchis & Partners, LLP

By: *Cary R Wiener* (signature)
     Cary R. Wiener (650354)
     Attorneys for Plaintiffs
     2355 Main Street, Box 186
     South Chatham, MA 02659
     Our File: 2262-1

W:\2262-1\Legals\Amended Complaint.Doc 3/24/05-